**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| BABU KALLUVILAYIL, ID # 584945,  ) | |
|     Petitioner,  ) | |
| vs.  ) | No. 3:13-CV-2438-M |
| ) | |
| WILLIAM STEPHENS, Director,  ) | |
| Texas Department of Criminal  ) | |
| Justice, Correctional Institutions Division,  ) | Referred to U.S. Magistrate Judge |
|     Respondent.  ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

On June 25, 2013, the petitioner filed a motion for a temporary restraining order in his federal habeas case, seeking a transfer within the state prison system because of fears for his safety and alleged inadequate access to the courts. (doc. 3). The motion was construed as a civil action seeking mandamus relief and opened as a new civil case. (*see* doc. 4). On June 27, 2013, the petitioner was sent an order informing him that he had thirty days to pay the $5.00 filing fee or submit an application to proceed *in forma pauperis* (IFP) (doc. 5). The order also specifically warned him that failure to timely pay the filing fee or submit an application to proceed IFP could result in dismissal of the case for failure to prosecute. *Id.* More than thirty days have passed, but the petitioner has not paid the fee or filed anything else in this case.

**II. INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d

1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

By order dated June 27, 2013, the petitioner was given thirty days to pay the filing fee or submit an application to proceed IFP, and he was specifically warned that failure to do so could result in dismissal of this action.  Because he failed to follow a court order or otherwise show that he intends to proceed with his case, this case should be dismissed under Rule 41(b) for failure to prosecute or follow orders of the court.

### III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the petitioner pays the filing fee or submits an application to proceed IFP within the time for objections to this recommendation, or some other deadline set by the Court.

**SIGNED this 20th day of August, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                                 _____
                                                                                                 IRMA CARRILLO RAMIREZ
                                                                                                 UNITED STATES MAGISTRATE JUDGE